# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STATE FARM LIFE INSURANCE CO., :
:
    Plaintiff, :
:
v. : 3:14-CV-01321
: (JUDGE MARIANI)
JOHN MICHAEL TEDESCO, et al., :
:
    Defendants. :

## MEMORANDUM AND ORDER

## I. BACKGROUND

On July 10, 2014 State Farm Life Insurance Company filed an Interpleader Complaint (Doc. 1) wherein it sought to deposit the insurance proceeds of an insurance policy on the life of Barbara Rabins into Court while criminal proceedings were pending in the Court of Common Pleas of Monroe County against the named beneficiaries under the aforesaid insurance policy, John Michael Tedesco and Tina Tedesco, who were charged with willfully killing Barbara Rabins. Also named as a Defendant in this action was the Estate of Barbara E. Rabins, John E. Fleming, Administrator.

The Estate of Barbara E. Rabins answered State Farm's Complaint and brought crossclaims against the Tedescos. (Doc. 10). When the Tedescos failed to file any response to the Complaint or the crossclaims of the Estate of Barbara Rabins, the Estate moved for Entry of Default Judgment under Federal Rule 55(a) (Doc. 11). On September 29, 2014 the Clerk of Court entered default against John Michael Tedesco and Tina

Tedesco. (Doc. 13). The Estate of Barbara Rabins also filed a Motion for Default Judgment pursuant to Rule 55(b). (Doc. 12). A hearing scheduled January 21, 2015 on the Estate's Motion for Default Judgment was cancelled by Order of this Court, which also stayed this matter "pending the conclusion of the criminal proceedings in the Court of Common Pleas of Monroe County against the defendants John Tedesco and Tina Tedesco, who are awaiting trial on charges brought against them in connection with the death of Barbara Rabins." (Doc. 20).

This Court by Order dated March 12, 2015 granted the motion of Plaintiff to permit it to pay into the registry of this Court the death benefit of policy number LF-2223-5860, plus accrued interest, in a total amount of $113,397.97 to be held for payment until the resolution of the claims of John Michael Tedesco and Tina Tedesco and John E. Fleming as Administrator of the Estate of Barbara E. Rabins. (Doc. 26).

This Court on November 12, 2015 granted the motion of Defendant John E. Fleming as Administrator of the Estate of Barbara E. Rabins to lift the stay entered by this Court on January 21, 2015. (Doc. 30). A hearing was held on the Motion for Default Judgment of the Estate of Barbara E. Rabins on December 15, 2015. At that hearing, it was established through the records of the Court of Common Pleas of Monroe County that John Michael Tedesco and Tina Tedesco each were individually found guilty of third degree murder, graded as a felony of the first degree, in the death of Barbara Rabins. John Michael Tedesco and Tina Tedesco were each sentenced to a term of imprisonment of not less than 168 months and not more than 336 months. The Court further notes that John Michael

Tedesco and Tina Tedesco were personally served with notice of the hearing to be held by this Court on the Motion for Entry of Default Judgment against them filed by the Estate of Barbara Rabins. (Doc. 31). Neither John Michael Tedesco nor Tina Tedesco appeared at the hearing, in person or through counsel. Nor did this Court receive any communication from either Tedesco seeking a postponement of the hearing or otherwise communicating an interest in this matter or asserting any claim to the insurance policy proceeds at issue. The Court then issued an Order (Doc. 34) entering judgment in favor of John E. Fleming as Administrator of the Estate of Barbara E. Rabins as Crossclaim Plaintiff and against John Michael Tedesco and Tina Tedesco as Crossclaim Defendants. The Order further provided that:

> Should John Michael Tedesco and Tina Tedesco fail to file a Motion seeking to set aside the default judgment entered by this Order within **thirty (30) days** of the date of this Order, the Clerk of this Court is thereafter directed to pay the death benefits proceeds of the policy number LF-2223-5860, plus accrued interest, in a total amount of $113,397.97, which is currently held in trust pursuant to this Court's Order of March 12, 2015 (Doc. 26), to the Estate of Barbara E. Rabins, John E. Fleming, Administrator.

Subsequently, Defendant John Michael Tedesco filed a "Motion to Set Aside Judgment" (Doc. 36) and Defendants John Michael Tedesco and Tina Tedesco filed a "Motion for Default Judgment" (alternately denominated as a "Motion of False Judgment") (Doc. 38). Defendant John Michael Tedesco also filed a Brief in Support of his Motion to Set Aside Judgment (Doc. 41). With Defendant Tina Tedesco, he also filed a joint Brief in Support of "Motion to Set Adie Judgement," "Motion for False Judgment," or "Motion for Default Judgment." (Doc. 43). Presently pending before the Court is Defendant John Michael

3

Tedesco's motion to appoint counsel. (Doc. 40). For the reasons set forth below, the motion will be denied.

## II. MOTION TO APPOINT COUNSEL

The Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir.1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the litigant's case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a litigant overcomes this threshold hurdle, other factors to be examined are:

(1) the litigant's ability to present his or her own case;

(2) the difficulty of the particular legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

(4) the litigant's capacity to retain counsel on his or her own behalf;

4

(5) the extent to which the case is likely to turn on credibility determinations; and

(6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 Fed. App'x 153 (3d Cir. 2007).

Assuming arguendo that his defenses have merit, Defendant John Tedesco fails to establish any circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155–56. Defendant bases his motion on his view that the matter "require[s] development of the record and further [proceedings] for which he is not skilled in the least." (Doc. 40). However, upon review, the legal issues herein are relatively simple and likely do not require expert testimony. Despite his incarceration, investigation of the facts is not beyond Defendant John Tedesco's capabilities and he is familiar with the facts of his case. Additionally, in his pleadings, Plaintiff demonstrates the ability to present comprehensible arguments and to present his own case. This is particularly so where Defendant Tedesco admits that his prior failure to respond to the proceedings before this Court was a tactical decision made "at the advice of counsel," presumably criminal defense counsel. (Doc. 41 at 2). It is also noted that this Court does not have at its disposal a large group of attorneys who would represent this action in a pro bono capacity. Finally, while a consideration of whether Defendant John Michael Tedesco can attain and afford counsel on his own behalf

would appear to weigh in favor of appointing counsel, the Court's overall consideration of the above factors weighs against the appointment of counsel at this time

Based on the foregoing, it does not appear that Defendant John Tedesco will suffer prejudice if forced to defend this case on his own. The Court's duty to construe *pro se* pleadings liberally, Haines v. Kerner, 404 U.S. 519 (1972), Riley v. Jeffes, 777 F.2d 143, 147–48 (3d Cir. 1985), coupled with Defendant John Michael Tedesco's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the Motion to Appoint Counsel (Doc. 40) will be denied, however said denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* . . . even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

Tabron, 6 F.3d at 156–57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Defendant John Michael Tedesco.

**AND NOW, THIS** \_\_\_/s/\_\_\_ **DAY OF FEBRUARY, 2016, IT IS HEREBY ORDERED THAT** Defendant John Michael Tedesco's Motion to Appoint Counsel (Doc. 40) is **DENIED WITHOUT PREJUDICE**.

Robert D. Mariani
United States District Judge

6